IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRANGE INSURANCE ASSOCIATION

     Plaintiff,                        No. CIV S-11-0724 GEB CKD

     vs.

DONALD THOMAS, et al.,

     Defendants.                <u>ORDER</u>

         Calendared for hearing on March 14, 2012 is plaintiff's motion for default judgment. Upon review of the documents in support, no opposition having been filed, and good cause appearing, THE COURT FINDS AS FOLLOWS:

         In this action, plaintiff seeks a declaration that a Farmpak Plus Insurance policy issued to defendants Donald and Karen Thomas does not provide coverage for an accident which occurred on November 14, 2010. Named as defendants in this action are the Thomases, California State Automobile Association ("CSAA"), who issued another insurance policy to the Thomases, and E. Z-A, a minor, who is a named plaintiff in a state court action alleging personal injuries claims arising out of the November 14, 2010 accident. Defendants Thomas and CSAA have stipulated to be bound by a judgment declaring there is no coverage under the Grange policy for the subject incident.

1    As the pleadings now stand, there are several matters of concern to the court. First, although plaintiff asserts a guardian ad litem has been appointed for the defendant minor in the state court action, that person has not been appointed as guardian ad litem in the instant federal action. Plaintiff will therefore be directed to provide a copy of the state court order of appointment.

Second, the original state court action was filed by attorney Lindsey Holmes on January 6, 2011. California State Bar records show that counsel Holmes was suspended from the practice of law on July1, 2011. See http://member.calbar.ca.gov/fal/Member/Detail/148504. The waiver of service of summons (dkt. no. 14)[1] is signed with an undecipherable signature and dated May 16, 2011; the printed name appears as "Max Arnold, counsel for Lilia Huezo-Montoy Guardian ad Litem for E. Z-A a minor." Dkt. no. 14.

Federal Rule of Civil Procedure 55 provides in relevant part that "[a] default judgment may be entered against a minor . . . only if represented by a general guardian, conservator, or other like fiduciary who has appeared." It is not clear on the present record whether counsel Arnold represents the defendant minor for purposes of the present federal litigation. Absent the appearance of an appropriate fiduciary, default judgment cannot be entered against the minor defendant. See, e.g., Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C., 2011 WL 6752561 (M. D. Fla. 2011).

Accordingly, IT IS HEREBY ORDERED that:

1. No later than February 17, 2012, plaintiff shall file a copy of the order appointing Lilia Huezo-Montoy as guardian ad litem for E. Z-A, a minor.

2. The Clerk of Court is directed to serve a copy of this order and copies of the stipulations (dkt. nos. 12, 13) on Max Arnold, 1410 Neotomas Ave, #100, Santa Rosa, CA

---

[1] This document was erroneously docketed as a waiver of service returned executed by Grange Insurance Association. In the request for entry of default, dkt. no. 19, plaintiff referenced a waiver of service by the defendant minor, allegedly attached as Exhibit A to the request. However, no Exhibit A is attached to the request for entry of default.

1 | 95405.  No later than February 17, 2012, counsel Arnold shall file a statement indicating whether
2 | he represents the guardian ad litem for E. Z-A, a minor, for purposes of the instant litigation and
3 | whether objection is made by the minor to entry of default judgment in conformance with
4 | stipulations (dkt. nos. 12, 13) previously entered in this action.

Dated: February 7, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
grange.def