IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRANGE INSURANCE ASSOCIATION,

    Plaintiff,                                  No. CIV S-11-0724 GEB CKD

vs.

DONALD THOMAS, et al.,

    Defendants.                               <u>FINDINGS & RECOMMENDATIONS</u>

/

        Calendared for hearing on March 14, 2012 is plaintiff's motion for default judgment. This matter is submitted without oral argument. The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiff's motion for default judgment be granted.

        In this action, plaintiff seeks a declaration that a Farmpak Plus Insurance policy issued to defendants Donald and Karen Thomas does not provide coverage for an accident which occurred on November 14, 2010. Named as defendants in this action are the Thomases, California State Automobile Association ("CSAA"), who issued another insurance policy to the Thomases, and E. Z-A, a minor, who is a named plaintiff in a state court action alleging personal injury claims arising out of the November 14, 2010 accident. Defendants Thomas and CSAA

/////

1

have stipulated to be bound by a judgment declaring there is no coverage under the Grange policy for the subject incident.

Plaintiff has filed a notice of appointment of a guardian ad litem for defendant E. Z-A, a minor. The appointed guardian is defendant's maternal grandmother[1] and is represented by counsel, Max Arnold. Defendant, through his counsel, was afforded an opportunity to oppose entry of default judgment and has filed no objections to entry of judgment in the form of relief requested by plaintiff.

The record reflects that a waiver of service of summons was signed by defendant's counsel on May 16, 2011 on behalf of defendant E. Z-A, a minor. Default was entered on September 12, 2011. Plaintiff thereafter filed a motion for default judgment with a proof of service reflecting service of the motion on defendants. Plaintiff seeks an entry of default judgment stating that the Grange has no duty to defend or indemnify Donald Thomas or Karen Thomas in connection with any claim or lawsuit arising out of the November 14, 2010 accident.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief in the form of declaratory relief requested in the prayer for default judgment, which does not differ in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir.), cert. denied, 419 U.S. 832 (1974). There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that may be considered by the court are possibility of prejudice to the plaintiff,

---

[1] Defendant's custodial parent (his mother) is deceased due to injuries sustained in the November 14, 2010 accident.

2

merits of plaintiff's substantive claim, sufficiency of the complaint, sum of money at stake in the action; possibility of a dispute concerning material facts; whether the default was due to excusable neglect, and strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (dkt. no. 21) be granted;

2. Judgment be entered against defendants stating that the Grange has no duty to defend or indemnify Donald Thomas or Karen Thomas in connection with any claim or lawsuit arising out of the November 14, 2010 accident.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 2, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
grange-thomas.def

3